## VIRGIL PLEMONS V. THE STATE.

No. 16813.   Delivered June 20, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1009.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully manufacturing intoxicating liquor, and his punishment assessed at confinement in the State penitentiary for a term of eighteen months.

The facts, briefly stated, are as follows:   On Sunday after-

noon, February 19th, 1933, Dan Pegues and Miss Rosa Patton went to the camp of Mr. and Mrs. George Crow and took an evening meal with them. After having finished their evening meal, they all went to the home of the appellant in a car belonging to Dan Pegues. On arriving at the home of the appellant they left their car, and from there, in company with the appellant, they walked about 400 yards west down into a ravine to where a still was located. Upon arriving at the still the appellant and George Crow gathered some wood, made a fire under the still, and began cooking whisky. Dan Pegues gathered some wood and made a fire a short distance from the still so that the women could be comfortable as it was quite cold that night. They all remained at or near the still until about midnight when they left and went home. Dan Pegues testified for the State that he went there to buy some whisky but Crow and the appellant had only single run whisky and he wanted double run. They then told him that he would have to wait until they could run it through another time, which they did, and he then purchased a gallon of whisky. Rosa Patton testified for the State that she and Dan Pegues visited Mr. and Mrs. George Crow on Sunday afternoon, February 19; that after taking an evening meal with them they all went to the appellant's home and from there, in company with the appellant, went to the still where Crow and the appellant built the fire under the still and began cooking whisky. No one else had anything to do with it. No one else assisted them in cooking the whisky; that she, Rosa Patton, had no interest in the manufacture of the liquor, had nothing to do with the operation of the still, and did not know how much liquor they made. She further testified: "I did not know what Pegues was going over to Mr. Crow's camp for. I had heard nothing said about whisky. I knew what they were going to do before we went down there. I knew they were manufacturing whisky. I did not report it to the officers." Mrs. Crow's testimony is substantially the same as that of Dan Pegues. The appellant did not testify in his own behalf but introduced a number of witnesses who testified to his good reputation as a law abiding citizen and he also attempted to prove an alibi but the witnesses by whom he sought to prove an alibi testified that they left appellant's home before or about dark on that day.

The appellant's first contention is that the court erred in overruling his motion for an instructed verdict at the close of the State's testimony. We do not believe that the court com-

mitted any error in this respect and therefore overrule the appellant's contention.

By bill of exception No. 2 the appellant again complains of the action of the trial court in declining at his request to instruct the jury to return a verdict of not guilty because the evidence was insufficient to support the verdict of guilty. The court qualified the appellant's bill of exception and as thus qualified we do not believe that the court committed any error in declining to comply with the appellant's request for an instructed verdict. It is our opinion that Rosa Patton was not an accomplice, and whether Mrs. Crow and Dan Pegues were accomplices was submitted to the jury under an appropriate instruction from the court; besides, the testimony of the officers discloses that a still and some barrels were discovered some 400 yards west from the appellant's home, as testified to by Mrs. Crow, Dan Pegues, and Rosa Patton, and that a trail led from appellant's home to where the still was. Under such circumstances, we do not believe the court would have been justified in granting the appellant's request for an instructed verdict.

By bill of exception No. 3 the appellant complains of the action of the trial court in declining to charge that Dan Pegues, Mrs. George Crow and Rosa Patton were accomplices, and that the defendant could not be convicted upon their testimony alone. What we have said with reference to bill of exception No. 2 applies with equal force to bill of exception No. 3 and therefore the same is in all things overruled.

By bill of exception No. 4 the appellant complains of the action of the trial court in instructing the jury on the law of principals and defining who are principals, the appellant's contention being that the issue was not raised by the evidence. We cannot agree with appellant's contention. The testimony clearly shows that the appellant and George Crow were acting together in the unlawful act of manufacturing intoxicating liquor, which brought them clearly within the rule of principals under article 65, P. C., which reads as follows: "All persons are principals who are guilty of acting together in the commission of an offense."

By bill of exception No. 5 the appellant complains of the action of the trial court in not submitting to the jury a definition of accomplice or accomplices and also in not submitting to the jury the question of whether Dan Pegues, Mrs. George Crow and Rosa Patton were accomplices in the manufacture of the whisky in question. An examination of this transcript discloses that the court in his charge adequately defined who

is an accomplice and also instructed the jury that "if they believed from the evidence that the witness Dan Pegues and Mrs. Ruth Crow were accomplices, or if they had a reasonable doubt as to whether they were or not, then they could not convict the defendant upon the testimony of Pegues and Mrs. Crow unless they first believed that their testimony was true and that it connects the defendant with the offense charged, and unless they further believe that there is other testimony in the case corroborative of the testimony of the said Pegues and Mrs. Crow tending to connect the defendant with the commission of the offense charged." We have reached the conclusion that the court's charge adequately submitted every issue to the jury which was raised by any testimony.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again reviewed the testimony in this case and adhere to our conclusion that same did not support any theory that the court should have submitted to the jury the issue as to whether Rosa Patton was an accomplice. So believing, we also reaffirm that there was no error in refusing appellant's special charge seeking to have the jury told that she was such accomplice. We would uphold the refusal of such charge which contained this erroneous instruction, even though same had in it another matter which the court might have otherwise given. Special charges are given or refused in the form as requested, according as they present correct issues in such form or the contrary.

The motion for rehearing will be overruled.

*Overruled.*